**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Justin Dru Faile, Appellant.

Appellate Case No. 2015-000305

———————

Appeal From York County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-110
Submitted February 9, 2018 – Filed March 14, 2018

———————

**AFFIRMED**

———————

Tara Melissa Edwards-Vitollo, of Vitollo Law Firm, LLC, of North Charleston, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General John Benjamin Aplin, and Assistant Attorney General Joshua Abraham Edwards, all of Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.

———————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Thompson*, 420 S.C. 386, 395, 803 S.E.2d 44, 49 (Ct. App. 2017) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (quoting *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006))); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." (quoting *Pagan*, 369 S.C. at 208, 631 S.E.2d at 265)); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *Thompson*, 420 S.C. at 395-96, 803 S.E.2d at 49 ("This court will not reverse the trial court's decision regarding a Rule 403 objection absent an abuse of discretion and resulting prejudice.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.